Zobel, J.
Plaintiff alleges herself to have met the statutory definition, G.L.c. 151B, §1(16), of a “handicapped person who was capable of performing the essential functions of a particular job or who would [have been] capable . . . with reasonable accommodation to [her] handicap.”
“Reasonable accommodation,” however, “does not require an employer to disregard or waive an employee’s inability to perform an essential function of the job.” Cox v. New England Telephone & Telegraph Co., 414 Mass. 375, 383 (1993). Here, plaintiffs duties involved, in her words, “lifting patients . . . bending and stooping to pick them up.” It is undisputed that plaintiffs inability to lift patients prevented her adequately fulfilling her job requirements.
Moreover, plaintiff, having applied for and obtained disability benefits — indeed, benefits for total disability — cannot fairly claim that it was defendants’ unwillingness to accommodate her, rather than her own physical limitations, that kept her from performing her duties. August v. Offices Unlimited Inc., 981 F.2d 576, 584 (1st Cir. 1992).
Defendant here demonstrated a commendable willingness to adapt working conditions to plaintiffs needs: allocating lifting duties to other nurses’ aides; assigning plaintiff temporary “one-on-one” work before asking her if she wished to take maternity leave; and offering her part-time employment or a research position. Under the circumstances, defendant was not required to find plaintiff another job. Given that defendant offered plaintiff alternative employment reasonably available under existing policies, she could not fault her employer’s conduct. School Board of Nassau County, Florida v. Arline, 480 U.S. 273, 289n. (1987).
ORDER
Accordingly, it is Ordered that defendant’s Motion for Summary Judgment be, and the same hereby is, Allowed; and it is
Further Ordered, that judgment enter forthwith: Complaint Dismissed, with Prejudice.